## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT
## NORTHERN DIVISION

**BRANDI C. SHAVERS**                                                               **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO.**   3:20-cv-554-HTW-LRA

**RUDOLFO BLUE HUGHES and J.B.**
**HUNT TRANSPORT, INC.**                                                  **DEFENDANTS**

## JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Rudolfo Blue Hughes ("Hughes") and J.B. Hunt Transport, Inc. ("J.B. Hunt") (collectively "Defendants") hereby remove this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and give notice of the removal of this action from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division.  As grounds for this removal, Defendants state as follows:

1.      J.B. Hunt and Hughes are named defendants in an action commenced on July 16, 2020 in the Circuit Court of Hinds County, Mississippi, First Judicial District, captioned *Brandi C. Shavers v. Rudolfo Blue Hughes and J.B. Hunt Transport, Inc.*; Civil Action Number 20-440 (the "State Court Action").

2.      Plaintiff served J.B. Hunt with its Summons and Complaint on or about August 6, 2020. See Exhibit A, copy of all documents served on J.B. Hunt. Plaintiff has not yet properly served Defendant Hughes in this action. This Notice of Removal is, therefore, timely filed within thirty (30) days of receipt of the pleading from which Defendants could ascertain that the case is properly removable in accordance with 28 U.S.C. § 1446(b)(2)(B).

3.      No previous application has been made for the relief requested herein.

**Removal is Proper Based on Diversity Jurisdiction**

4.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the citizenship of each plaintiff is diverse from the citizenship of each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.      The Amount in Controversy is Satisfied.**

5.      Removal based on diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). The defendant may either show the Court that it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum or, if not facially apparent, set forth facts supporting the requisite finding. *See Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, Civ. A. No. 1:12CV141-LG-JMR, 2012 WL 2930768, at *1 (S.D. Miss. July 18, 2012) (citing *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003)).

6.      In the Fifth Circuit, when pleadings do not demand a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). The defendant may either show the court that it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum, or, if not facially apparent, set forth facts supporting the requisite finding. *See Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, Civ. A No. 1:12CV141-LG-JMR, 2012 U.S. Dist. LEXIS 99478, *4 (S.D. Miss. July 18, 2012) (citing *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003)).

7.      This district court may use its common sense and compare the claims and alleged damages made here with similar ones made in other actions to determine whether the amount in controversy is met. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009) (finding

amount in controversy exceeded when plaintiff pleaded less than $50,000 in damages by considering "individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance").

8. Though Plaintiff does not quantify the amount of damages sought in her Complaint, Plaintiff claims that she sustained "serious and severe" damages as a result of the subject incident on February 4, 2020, in Hinds County, Mississippi. *See* Complaint at ¶ 22. Plaintiff seeks compensation for the following damages:

- Past, present, and future physical pain and suffering;
- Past, present, and future mental anxiety and depression;
- Past, present, and future medical expenses and healthcare costs;
- Compensation for the physical impairment;
- Property damage;
- All other damages allowed by the State of Mississippi; and
- Punitive damages.

9. Further, it is facially apparent from the face of the Complaint that the amount in controversy exceeds $75,000 because Plaintiff seeks punitive damages. *See* Complaint at ¶ 32. Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "common sense" dictated a finding that plaintiffs would likely collect more than jurisdictional minimum if successful in collecting punitive damages); *Arnold v. State Farm Fire & Cas., Co.*, 277 F.3d 772, 775 n.3 (5th Cir. 2001); *Conner v. First Family Fin. Servs., Inc.*, 2002 U.S. Dist. LEXIS 22878, *28 (N.D. Miss. Aug. 28,

2002); *Henley v. Pioneer Credit Co.*, 2002 U.S. Dist. LEXIS 25592, *11 (N.D. Miss. April 11, 2002); *see also Montgomery v. First Family Fin. Serv., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002). As such, even without the claims for actual and compensatory damages, Plaintiff's claim for punitive damages in and of itself establishes the requisite amount in controversy.

**B.  There is Complete Diversity Among the Parties.**

10. Citizenship of the parties is determined at the time the Complaint is filed. *See Oatis v. Wal-Mart Stores, Inc.*, Civ. A. No. 2:13-CV-162-KS-MTP, 2013 WL5817590, at *1 (S.D. Miss Oct. 29, 2013) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004)).

11. Diversity of citizenship exists in this case. According to the Complaint, Plaintiff is an adult resident citizen of the State of Mississippi. Complaint at ¶ 1(a). Therefore, Plaintiff is a citizen of Mississippi for purposes of diversity of citizenship.

12. J.B. Hunt is, and was at the time of the filing of this lawsuit, a Georgia corporation with its principal place of business in Arkansas. Thus, J.B. Hunt is not a citizen of the State of Mississippi for diversity of citizenship purposes.

13. Hughes is, and was at the time of the filing of this lawsuit, an adult resident citizen of the State of Alabama. Thus, Hughes is not a citizen of the State of Mississippi for diversity of citizenship purposes.

14. Therefore, as Plaintiff is a citizen of Mississippi and neither J.B. Hunt nor Hughes are citizens of Mississippi, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

**C.  Venue and Other Requirements are Satisfied.**

15. The United States District Court for the Southern District of Mississippi, Northern Division, embraces the county in which the State Court Action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. §§ 104(b)(1) and 1441(a).

16. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with a written Notice of Removal, and a copy of this Joint Notice of Removal is being filed with the Clerk of the Circuit Court of Hinds County, Mississippi, First Judicial District.

17. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon Defendant J.B. Hunt Transport, Inc. in the State Court Action.

18. For these reasons, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.

19. Nothing in this Joint Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim upon which relief can be granted; (7) failure to join an indispensable party(ies); (8) statute of limitations as a bar; (9) untimely service; or (10) any other pertinent defense available under Mississippi or Federal Rules of Civil Procedure 12, any state or federal statute, or otherwise.

Defendants Rudolfo Blue Hughes and J.B. Hunt Transport, Inc. respectfully remove the State Court Action from the Circuit Court of Hinds County, Mississippi, First Judicial District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted, this the 19th day of August, 2020.

                                              RUDOLFO BLUE HUGHES AND
                                              J.B. HUNT TRANSPORT, INC.

                                              By: <u>s/ Margaret Z. Smith</u>
                                                     MARGARET Z. SMITH, MB NO. 104178
                                                     CAROLINE C. LOVELESS, MB NO. 105960

                                              THEIR ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Post Office Box 6010
Ridgeland, MS 39158
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Tel:  601-985-4405 (MZS)
Tel:  601-985-4409 (CCL)
Fax:  601-985-4500
margaret.smith@butlersnow.com
caroline.loveless@butlersnow.com

**CERTIFICATE OF SERVICE**

I, Margaret Z. Smith, one of the attorneys for Defendants, electronically filed the foregoing Joint Notice of Removal with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to the following counsel of record:

Anthony R. Simon, Esq.
Pieter Teeuwissen, Esq.
Simon & Teeusissen, PLLC
621 East Northside Drive
Jackson, MS 39206

This the 19th day of August, 2020.

                                                s/ Margret Z. Smith
                                                MARGARET Z. SMITH